## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**RAVEL FERRERA PARRA**,

Plaintiff,

v.

Case No. 1:26-cv-00206 (TNM)

**DAVID J. BRADLEY**, *et al.*,

Defendants.

## MEMORANDUM OPINION

For Ravel Ferrera Parra lawsuits beget lawsuits.  Here, he complains about how the U.S. District Court for the Southern District of Texas handled another case.  Because the Court lacks jurisdiction over Parra's claims, it will *sua sponte* dismiss the Complaint.  *See* Fed. R. Civ. P. 12(h)(3).

### I.

A few years ago, Parra sued United Airlines in Texas state court.  *See* Notice of Removal, *Ferrera-Parra v. United Airlines, Inc.*, No. 4:19-cv-01053-DHP (S.D. Tex. Mar. 21, 2019).  The airline removed the case to the Southern District of Texas, where it won dismissal.  *See* Final J., *Ferrera-Parra v. United Airlines, Inc.*, No. 4:19-cv-01053 (S.D. Tex. Mar. 30, 2021).

Unhappy with that outcome, Parra now looks to this Court.  Proceeding pro se, he sues the former Chief Judge (Lee H. Rosenthal) and the Clerk of Court (David J. Bradley) for the Southern District of Texas.  Second Am. Compl. ¶¶ 17, 18, ECF No. 13.  He is suspicious of how these defendants handled his filings in the prior case.  *See id.* ¶ 14.  That concern manifests in claims for "Declaratory Relief Concerning Administrative Handling and Procedural

1

Traceability," *id.* ¶¶ 48–52, and "Prospective Injunctive Relief and Limited Procedural Discovery," *id.* ¶¶ 53–57. Defendants have not yet appeared.

## II.

Courts hold complaints filed by pro se litigants to "less stringent standards" than pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, pro se litigants must comply with the Federal Rules. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). That includes Rule 8, which demands that the plaintiff plead facts that bring the suit within the court's jurisdiction. Fed. R. Civ. P. 8(a)(1). "If the [district] court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see Fontaine v. JPMorgan Chase Bank, N.A.*, 42 F. Supp. 3d 102, 106 (D.D.C. 2014). Because the Court lacks subject matter jurisdiction over Parra's claims, it will dismiss the Complaint.

The first clue that Parra has not satisfied Rule 8 is his failure to cite the federal law under which his claims arise. That matters because he invokes the Court's federal question jurisdiction. Second Am. Compl. ¶ 11 (citing 28 U.S.C. § 1331). And a plaintiff properly invokes federal question jurisdiction "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Neither of Parra's claims invoke any federal law (or indeed, any law at all). *See* Second Am. Compl. ¶¶ 48–57. Besides 28 U.S.C. § 1331, the only law Parra cites is the Declaratory Judgment Act. *Id.* ¶ 11. But that Act "is not an independent source of federal jurisdiction." *Metz v. BAE Sys. Tech. Sols. & Servs. Inc.*, 774 F.3d 18, 25 n.8 (D.C. Cir. 2014). Without a federal question, the Complaint flunks Rule 8.

Even putting that flaw aside, the Court would have to dismiss the Complaint because it "lacks jurisdiction to review decisions of other federal courts." *Klayman v. Rao*, 49 F.4th 550,

552 (D.C. Cir. 2022) (per curiam) (cleaned up).  At bottom, Parra criticizes how another court handled his case.  He admits that he already raised his concerns about his filings with the judge handling the prior case.  *See, e.g.*, Second Am. Compl. ¶ 5.  Unsatisfied with how that judge handled his objections, Parra now asks this Court to comb through his old filings.  *See, e.g.*, *id.* ¶ 29 (directing the Court to "SDTX docket chronology"); *id.* ¶ 51(a) (requesting "a declaration clarifying" the "procedural handling" of the filings).  The Court lacks jurisdiction to conduct such a task.  *See, e.g.*, *Doe v. Admin. Off. of U.S. Cts.*, 2025 WL 1134961, at *5 (D.D.C. Apr. 15, 2025) (dismissing for lack of subject matter jurisdiction claims arising out of court proceedings in another district); *Azaryev v. Wolff*, 2025 WL 3771300, at *2 (D.D.C. Dec. 29, 2025) (explaining that a plaintiff cannot "circumvent" "the determinations of" one court by filing a second lawsuit).

Unsuccessfully attempting to skirt this jurisdictional bar, Parra emphasizes that he "does not request reversal of adjudicative determinations entered in [the prior case]."  Second Am. Compl. ¶ 13; *see also, e.g.*, *id.* ¶¶ 2, 52, 57.  That disclaimer offers no help.  This Court lacks jurisdiction over a sister court's ultimate decision, as well as its intermediate decisions.  *See Doe*, 2025 WL 1134961, at *5 (reasoning that the court lacked jurisdiction over complaints about "legal filings" and "public docketing" in a case pending in another judicial district).

Nor does it help that Parra targets "administrative" action.  *See, e.g.*, Second Am. Compl. ¶¶ 2, 14, 49.  This Court lacks supervisory power over "a clerk in a different federal district." *Doe*, 2025 WL 1134961, at *5 (cleaned up).  Parra's requested relief—an injunction ordering the Southern District of Texas Clerk to take actions—runs headlong into that limit.  *See* Second Am. Compl. ¶¶ 58–60.  So this is yet another indication that the Court lacks jurisdiction over Parra's claims.  *See, e.g.*, *In re Marin*, 956 F.2d 339, 340 (D.C. Cir. 1992) (per curiam) (affirming

dismissal of a complaint asking this court to compel the Supreme Court Clerk of Court to act); *Doe*, 2025 WL 1134961, at *5 (reasoning that a district court cannot order other "clerks to file and docket [plaintiff's] petitions and other filings" (cleaned up)).

All of these problems confirm that the Court lacks jurisdiction over Parra's Complaint. The appropriate avenue for raising Parra's concerns was a timely appeal from the Texas decision—not a new lawsuit. *See, e.g.*, *Caldwell v. Obama*, 6 F. Supp. 3d 31, 44 (D.D.C. 2013).

## III.

Having concluded that the Court lacks jurisdiction over Parra's Complaint, the Court must dismiss it. *See* Fed. R. Civ. P. 12(h)(3). That dismissal is without prejudice. *See N. Am. Butterfly Ass'n v. Wolf*, 977 F.3d 1244, 1253 (D.C. Cir. 2020). A separate Order will issue today.

<br>

Dated: July 9, 2026                    TREVOR N. McFADDEN, U.S.D.J.

4